1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MURLI DATWANI,

    Defendant.

_____

IN RE $4,233,069 IN PROCEEDS.

Criminal No. 00-851 (JAF)

**OPINION AND ORDER**

Claimants, Hiromo Yamamoto and Beach Investment Corporation ("BIC"), petition this court for the release of proceeds from the sale of certain real property in Florida. Docket No. 161. Respondent, the United States of America ("the government"), seized the property in connection with the prosecution of Defendant, Murli Datwani. Id. Respondent opposes the petition. Docket No. 164. Claimants reply. Docket No. 167.

**I.**

**Factual and Procedural Summary**

On January 24, 2001, the government indicted Defendant for fifty-five counts of money laundering on behalf of a narcotics trafficking ring and one count of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956-57. Docket No. 161. The indictment included a count for forfeiture of proceeds up to at least $4,233,069 pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853. Id. In connection with the indictment, the government recorded a lis pendens

1    in Dade County, Florida, against certain real property located at 30A

2    Indian Creek Drive in Indian Creek, Florida, on January 24, 2001.

3    Docket Nos. 120, 128. The government alleged that Defendant was the

4    beneficial owner of this property at the time of his indictment,

5    despite the fact that he was no longer the official owner on record.

6    Docket Nos. 128, 164. The record owner of the property was BIC, a

7    Panamanian company, which held the property in trust for the benefit

8    of Yamomoto, a Japanese national, via Lunamar Zona Libre S.A., a

9    Panamanian company. Docket Nos. 161, 164.

10       On September 13, 2006, Claimants and Masayuki Naemura, a

11   Japanese national, moved to vacate the lis pendens to permit the sale

12   of the property and sequester $4,233,069 in proceeds from the sale as

13   substitute assets pending ultimate forfeiture proceedings. Docket

14   No. 133. We granted the motion on September 25, 2006. Docket No. 139.

15   Claimants and Naemura subsequently sold the property and deposited

16   the stipulated sum with this court on March 12, 2008. Docket No. 158.

17   To date, Defendant remains a fugitive, and the government has not

18   prosecuted him for the charged offenses. Docket Nos. 161, 167. Thus,

19   formal forfeiture proceedings have yet to commence with respect to

20   the proceeds. Id.

21       On December 15, 2008, Claimants lodged a bill in this court

22   seeking a hearing to determine the ownership of the real property and

23   for the release of proceeds from the judicially-sanctioned sale.

24   Docket No. 161. The government opposed on January 14, 2009. Docket

25   No. 164. Claimants replied on January 21, 2009. Docket No. 167.

1          **II.**

2        **Analysis**

3        Claimants contend that they are interested third-parties to this

4   case who were the rightful owners of the real property and, hence,

5   are entitled to recover the proceeds from the sale.[1] Docket Nos. 161,

6   167. The government maintains, however, that Claimants are, in fact,

7   acting on behalf of Defendant and are, thus, not entitled to the

8   proceeds. Docket No. 164. Claimants further argue that we should

9   apply United States v. Paris-López to liberate the proceeds in this

10  case. See 111 F. Supp. 2d 100, 102 (D.P.R. 2000) (citing United

11  States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983)). We disagree,

12  because we find that Paris-López is distinguishable from this case.

13       Where a defendant is indicted for drug-related offenses, the

14  government may apply for a protective order "to preserve the

15  availability of property" that may be subject to forfeiture upon the

16  defendant's conviction. 21 U.S.C. § 853(e)(1)(A). Ordinarily, third-

---

[1] Claimants do not specify whether they seek redress by means of an action at law or equity, or intervention under Federal Rule of Civil Procedure 24. See Docket No. 161. While there is no statutory authority for pre-forfeiture relief, see generally 21 U.S.C. § 853, we characterize Claimants' petition as a bill in equity.

   Federal common law permits third-parties to lodge a bill in federal court prior to forfeiture proceedings to adjudicate the legality of the seizure. Slocum v. Mayberry, 15 U.S. 1, 9-10 (1817). This remedy exists in the absence of federal statutes on point. See id.; see also $8,850, 461 U.S. at 569 (noting that equitable actions under Slocum are available). "If the seizing officer should refuse to institute proceedings to ascertain the forfeiture, the district court may, upon the application of the aggrieved party, compel the officer to proceed to adjudication, or to abandon the seizure." Slocum, 15 U.S. at 10.

   Whether Claimants' petition is properly labeled as an equitable action or an intervention is irrelevant, however, as both are barred by 21 U.S.C. § 853(k). DSI Assocs. LLC v. United States, 496 F.3d 175, 183-84 (2d Cir. 2007); see infra discussion of § 853(k) as jurisdictional bar.

1    parties interested in the seized assets may not intervene until after

2    the court issues an order of forfeiture, § 853(k), (n), which follows

3    the defendant's conviction in the principal criminal case, § 853(a).

4        Section 853 specifically bars third-parties from "commenc[ing]

5    an action at law or equity against the United States concerning the

6    validity of [their] alleged interest in the property subsequent to

7    the filing of an indictment." 21 U.S.C. § 853(k). While third-parties

8    may not challenge the ultimate forfeitability of assets seized under

9    § 853, they may ask the court to modify the restraint of their assets

10   in proceedings related to the protective order under § 853(e).[2] See

11   United States v. Real Property in Waterboro, 64 F.3d 752, 755-56 (1st

12   Cir. 1995).

13       The First Circuit has not decided whether the bar under § 853(k)

14   is jurisdictional. See id. at 755 n.1. However, other circuits have

15   apparently imposed the restriction as a jurisdictional bar. See,

16   e.g., DSI Assocs. LLC v. United States, 496 F.3d 175, 183-84 (2d Cir.

17   2007) (barring intervention under Fed. R. Civ. P. 24); Roberts v.

18   United States, 141 F.3d 1468, 1469-71 (11th Cir. 1998) (barring, sua

19   sponte, claim under Fifth Amendment). Moreover, we must construe

20   § 853 liberally to effectuate its stated purpose of securing property

21   for eventual forfeiture. 21 U.S.C. § 853(o); United States v.

---

[2] Our prior order lifting the lis pendens obeyed the rule in
Waterboro. Docket No. 139. We modified the restraint at Claimants' behest
to permit them to sell the property and reap profits in excess of the value
that the government seeks to forfeit. See id. We, thus, struck a balance
between the need to alleviate harm to Claimants and the admonition to
preserve assets for forfeiture. See United States v. Monsanto, 491 U.S.
600, 613 (1989).

Criminal No. 00-851 (JAF)                                          -5-

1    Monsanto, 491 U.S. 600, 613 (1989). As the prohibition appears

2    absolute and prevents premature interference with forfeiture, we hold

3    that the bar is jurisdictional and precludes a complaint under

4    Slocum. As federal courts have an independent duty to assess their

5    own subject-matter jurisdiction, Arbaugh v. Y & H Corp., 546 U.S.

6    500, 514 (2006), we must apply § 853(k), sua sponte, if the

7    restriction is relevant to a case.

8         In Paris-López, the third-party claimants challenged the

9    temporal scope of a protective order in a hearing to modify that

10   order. United States v. Paris-López, No. 98-189, 2000 U.S. Dist.

11   LEXIS 12841, at *3-4 (D.P.R. May 12, 2000). As in this case, the

12   seizure was pursuant to the defendant's indictment for drug-related

13   offenses, and was of indefinite duration because the defendant

14   remained a fugitive at large. Id. After adopting the magistrate's

15   recommendation for a modified restraint of assets, the district court

16   ordered the release of the assets in toto as relief. Paris-López, 111

17   F. Supp. 2d at 103.

18        Although the district court opinion set out the contours of

19   equitable relief where the government tarries in prosecuting

20   forfeitures, id. at 100-03, that case arose from petitions to modify

21   the protective order under § 853(e), Paris-López, 2000 U.S. Dist.

22   LEXIS 12841, at *3, rather than challenges to the pending forfeiture.

23   Accordingly, the court had no occasion to consider the applicability

24   of § 853(k). See generally Paris-López, 111 F. Supp. 2d at 100-03.

Criminal No. 00-851 (JAF)                                        -6-

1      In the case at bar, Claimants submit that they are interested

2   third-parties to Defendant's criminal case, and adjudication of

3   forfeiture remains impossible by dint of Defendant's evasion of

4   justice. Docket Nos. 161, 167. Claimants request an early

5   adjudication of the underlying ownership of the sequestered proceeds

6   and the legality of the pending forfeiture itself. See id. As noted

7   above, Paris-López affords no relief from § 853(k) as it pertains

8   only to proceedings under § 853(e). We, therefore, bar this complaint

9   under the express language of 21 U.S.C. § 853(k).

10                                **III.**

11                              **Conclusion**

12      Accordingly, we hereby **DENY** Claimants' motion for a hearing to

13   adjudicate ownership and release proceeds, Docket No. 161. We **DISMISS**

14   Claimants' bill in equity **WITH PREJUDICE.**

15      **IT IS SO ORDERED.**

16      San Juan, Puerto Rico, this 8th day of April, 2009.

17                                  s/José Antonio Fusté
18                                  JOSE ANTONIO FUSTE
19                                  Chief U.S. District Judge